**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| In re:<br><br>ULTIMATE NUTRITION, INC. AND<br>PROSTAR, INC. | ) Chapter 11<br>)<br>) Case No. 14-22402<br>) Case No. 14-22403<br>) (Joint Administration Pending) |

**APPLICATION FOR AN ORDER AUTHORIZING THE EMPLOYMENT OF**
**PULLMAN & COMLEY, LLC AS COUNSEL FOR THE DEBTORS**

Ultimate Nutrition, Inc. ("Ultimate Nutrition") and Prostar, Inc. ("Prostar"), as debtors and debtors in possession (collectively, the "Debtors"), hereby seek an order of this Court pursuant to sections 327(a) and 328(a) of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code"), Rules 2014(a), and 2016 of the Federal Rules of "Bankruptcy Procedure (the "Bankruptcy Rules") and D. Conn. LBR 2014-1, authorizing it to employ Pullman & Comley, LLC ("P&C") as counsel for the Debtors, and respectfully represents:

1.  On December 16, 2014, (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code and since that time have continued to operate as debtors-in-possession pursuant to sections 1107 and 1108 of the "Bankruptcy Code").

2.  On the Petition Date, the Debtors filed their Motion Pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure for Joint Administration (the "Motion for Joint Administration") based upon a commonality of equity ownership.

3.  Ultimate Nutrition is engaged in the development, sale and distribution of high quality nutritional supplements for bodybuilding, enhanced athletic performance and fitness, and Prostar functions as the production segment of the Debtors' business by producing many of the

products sold and distributed by Ultimate Nutrition. Ultimate Nutrition is Prostar's only customer.

4. Throughout their history, and to the present, the Debtors have effectively functioned as one enterprise that has been operated for the benefit of the whole, such that there is a unity of interest and singleness of purpose on the part of the Debtors. For example, Ultimate Nutrition purchases all of the raw material ingredients and components that are used to produce its end-products, which are held as inventory of Ultimate Nutrition, while Prostar's only business is to produce and package the end-products for Ultimate Nutrition with its own labor force. Due to this inter-relationship, there exists on the books and records of Ultimate Nutrition a payable to Prostar in the amount of approximately $2 million, which represents the accrual of cost overruns based on cost accounting for the year 2013.

5. The Debtors hereby seek Court approval to retain P&C pursuant to sections 327(a) and 328(a) of the Bankruptcy Code as their counsel in the chapter 11 proceedings. The Debtors have selected P&C because of its expertise and experience in the field of business bankruptcy and because it is believed that P&C is otherwise well qualified to represent the Debtors in these cases.

6. The services of P&C are necessary to enable the Debtors to perform faithfully its duties as debtors and debtors-in-possession. Subject to the approval of the Court, it is anticipated that P&C will perform the following services:

(a) advising the Debtors with respect to their rights and obligations as debtors-in-possession and with respect to other areas of bankruptcy law;

(b) preparing on behalf of the Debtors necessary petitions, schedules, applications, motions and other papers in connection with the administration of the Debtors' estates;

(c) taking all necessary actions to protect and preserve the estate of the Debtors, including, if required by the facts and circumstances, the prosecution of actions

    and adversary or other proceedings on the Debtors' behalf, the defense of any actions and adversary or other proceedings commenced against the Debtors, negotiations concerning all litigation in which the Debtors are involved, and where appropriate, the filing and prosecution of objections to claims filed against the Debtors' estates;

(d)    representing the Debtors at all hearings and proceedings herein;

(e)    developing, negotiating and confirming a Chapter 11 plan for the Debtors and preparing a disclosure statement in respect thereof;

(f)    performing general corporate, contract and labor and employment services as may be required by the Debtors; and

(g)    performing other legal services required by the Debtors in connection with these Chapter 11 cases.

7.    The Debtors propose to compensate P&C based upon its normal hourly rates, as they may be periodically be adjusted, and provide P&C with a security retainer.

8.    It is necessary that the Debtors employ an attorney to render the foregoing professional services. P&C has stated its desire and willingness to act in this case and render the necessary professional services as attorney for the Debtors.

9.    To the best of the Debtors' knowledge, P&C represents no interest adverse to the Debtors' estates regarding the matters upon which it is to be engaged, and is a disinterested person as defined in section 101(14) of the Bankruptcy Code.

10.    Although there is an account payable to Prostar on Ultimate Nutrition's books and records, in the Second Circuit, "the presence of intercompany claims between debtors represented by the same counsel does not automatically warrant the disqualification of that counsel'." In re Adelphia Communications Corp., 342 B.R. 122, 128 (S.D.N.Y. 2006) (*quoting* In re Adelphia Communications Corp., 336 B.R. 610, 672-73 (Bankr. S.D.N.Y. 2005) (*citing* In re Int'l Oil Co., 427 F.2d 186, 187 (2d Cir. 1970)). See also In re Global Marine, Inc., 108 B.R. 998, 1004 (Bankr. S.D. Tex. 1987) ("[p]recedent indicates that the mere existence of an

3

intercompany claim does not in and of itself constitute an impermissible conflict of interest that would justify disqualification . . ..."); In re O.P.M. Leasing Services, Inc., 16 B.R. 932 (Bankr. S.D.N.Y. 1982) (same trustee and counsel authorized for parent and wholly-owned subsidiary debtors where there were common goals, despite debt of subsidiary to parent). Rather, "[d]ue to 'the substantial cost of requiring additional trustees or counsel in cases where individual debtors have claims against each other,' courts 'have taken a 'wait and see, 'fact-driven approach, to determine the extent to which additional professionals are necessary'." Adelphia Communications, 342 B.R. at 128.

11. In addition, it has been held that where a group of debtors effectively functions "as one enterprise" which is "operated for the benefit of the whole," and there is "a unity of interest and singleness of purpose on the part of the Debtors," the appointment of a single counsel to represent all debtors is appropriate "in order to avoid the needless waste of time and the expense involved in having to deal with" multiple sets of attorneys. In re Global Marine, Inc., 108 B.R. 998, 1004 (Bankr. S.D. Tex. 1987). Such is the case with the Debtors in these cases.

12. To the best of Debtors' knowledge, P&C does not have any connection with the Debtors, their creditors, members or other parties-in-interest, their respective attorneys or accountants, the United States Trustee or any person employed in the Office of the United States Trustee, except as otherwise indicated herein or accompanying Affidavit pursuant to Rule 2014.

13. The Debtors' respectfully request that approval of P&C's employment be made nunc pro tunc as of the Petition Date.

**WHEREFORE,** the Debtors respectfully request that the Court enter an order authorizing them to employ P&C as counsel to represent the Debtors in these Chapter 11 cases and granting such other or further relief as the Court deems just and proper.

Dated: Farmington, Connecticut
     December 16, 2014          ULTIMATE NUTRITION, INC. AND
                                       PROSTAR, INC., DEBTORS AND
                                       DEBTORS-IN-POSSESSION

                                   By:    /s/ Brian M. Rubino
                                             Brian M. Rubino,
                                             President

Pullman & Comley, LLC
Proposed Attorneys for the Debtors

By:   /s/ Irve J. Goldman                    Dated: December 17, 2014
       Irve J. Goldman (ct02404)
       Pullman & Comley, LLC
       850 Main Street, P.O. Box 7006
       Bridgeport, CT  06601-7006
       203 330 2000 Fax: 203 576 8888
       igoldman@pullcom.com